23-69-cv
Harry v. City of N.Y.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-four.

PRESENT: BARRINGTON D. PARKER,
　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　 MICHAEL H. PARK,
　　　　　　　*Circuit Judges.*
------------------------------------------------------------------
RILTON HARRY,

　　　　　　*Plaintiff-Appellant*,

　　v.　　　　　　　　　　　　　　　　　　 No. 23-69-cv

CITY OF NEW YORK, POLICE OFFICER JOSE FERNANDEZ, SHIELD #626, SERGEANT SHARETTE DELISSER, SHIELD #1018, POLICE OFFICER JESSICA TORRES, SHIELD #1909,

　　　　　　*Defendants-Appellees*,

JOHN DOE AND JANE DOE #1–7, THE NAMES JOHN AND JANE DOE BEING FICTITIOUS, AS

THE TRUE NAMES ARE PRESENTLY UNKNOWN, JOHN DOE AND JANE DOE, THE NAMES JOHN AND JANE DOE BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN,

        *Defendants*.\*

-------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | UGOCHUKWU UZOH, Ugo Uzoh, P.C., Brooklyn, NY |
| FOR DEFENDANTS-APPELLEES: | TAHIRIH M. SADRIEH (Richard Dearing, Devin Slack, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Rilton Harry appeals from a December 15, 2022 judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) granting summary judgment in favor of Defendants on Harry's claims brought under 42

---

\* The Clerk of Court is directed to amend the caption as set forth above.

U.S.C. § 1983 and New York law for, among others, false arrest, malicious prosecution, and fabrication of evidence arising from his 2018 arrest and prosecution for petit larceny and possession of a burglar's tools.[1]   We review the grant of summary judgment *de novo*.   *Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008).   We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.[2]

## I.      False Arrest

We begin with Harry's claims for false arrest under federal and state law. "An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be

---

[1] On appeal, Harry does not present arguments challenging the District Court's dismissal of his fifth, seventh, twelfth, thirteenth, and fourteenth causes of action.   We consider these claims abandoned.   *See Tafolla v. Heilig*, 80 F.4th 111, 115 (2d Cir. 2023). We likewise consider Harry's ninth cause of action—for violation of the New York State constitution—abandoned except to the extent it raises a claim for unreasonable search and seizure, the dismissal of which we affirm for reasons stated below.

[2] Harry also challenges the District Court's denial, in a separate order, of his motion to correct a deposition transcript.   We find no error in the District Court's determination of this non-dispositive discovery issue.   *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).   In any event, any errors in the transcript are immaterial to our decision.

arrested has committed or is committing a crime." *Kee v. City of N.Y.*, 12 F.4th 150, 158 (2d Cir. 2021) (quotation marks omitted). "It is well-established that a law enforcement official has probable cause to arrest if he received his information from an eyewitness . . . unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (cleaned up).

Shortly before Harry's arrest, an employee at an Urban Outfitters store in Manhattan called 9-1-1 to report a larceny in progress. The employee, Michael Cuzco, provided specific descriptions of the group of alleged shoplifters, who he indicated had fled toward First Avenue. Harry was stopped by the police at a subway station near the store. Two of the individual Defendants, Officer Fernandez and Sergeant Delisser of the New York City Police Department, relied on Cuzco's information to stop Harry, who undisputedly matched the description and who Cuzco stated had previously been in the store. Soon thereafter, Cuzco arrived at the scene of the stop and identified Harry as one of the suspects. For these reasons and on this undisputed record, we conclude that probable cause existed to arrest Harry. Urging a contrary conclusion, Harry claims that Cuzco never identified him as a shoplifting suspect. We agree with

4

the District Court that this claim is unfounded in the record. Because the

officers had probable cause to arrest for suspected larceny, we affirm the grant of

summary judgment on Harry's false arrest claims.[3]  *See Jaegly v. Couch*, 439 F.3d

149, 152 (2d Cir. 2006).

## II. Malicious Prosecution

We turn to Harry's claims of malicious prosecution under federal and state

law, for which probable cause is a complete defense.  *See Rentas v. Ruffin*, 816

F.3d 214, 220 (2d Cir. 2016).  If probable cause existed at the time of an arrest, it

continues to exist at the time of prosecution unless it is undermined by "the

discovery of some intervening fact."  *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir.

2003) (quotation marks omitted).

Here, probable cause to prosecute both charges defeats Harry's claim.

First, probable cause existed to prosecute Harry for petit larceny based on the

information Cuzco provided the police.  That information was not undermined

by the discovery of any intervening facts between Harry's arrest and the time the

criminal complaint was filed.  The information contained in the internal report

---

[3] Because the officers had probable cause to arrest Harry, they were legally authorized to stop him and conduct a reasonable search incident to arrest.  *See United States v. Diaz*, 854 F.3d 197, 205 (2d Cir. 2017).  Accordingly, we also affirm the dismissal of Harry's federal and state claims for unreasonable search and seizure.

5

Cuzco filed with Urban Outfitters also corroborates that Cuzco identified Harry as a shoplifting suspect. Further, Cuzco confirmed the facts contained in the criminal complaint, which specifically identified Harry as participating in the theft of merchandise.

Second, probable cause existed for Harry's prosecution for possession of burglar's tools. A person is guilty of possession of burglar's tools when they possess an "article" that has been "adapted, designed or commonly used for committing or facilitating offenses involving . . . larceny . . . under circumstances evincing an intent to use or knowledge that some person intends to use the same in the commission of an offense of such character." N.Y. Penal Law § 140.35. Officer Fernandez testified that Harry's H&M bag was a tinfoil-lined "booster bag" of the type commonly used by shoplifters to circumvent store security alarms. Joint App'x 145. While Harry has denied that he was carrying a booster bag and testified that the bag only contained his then-girlfriend's leggings, he has not presented any evidence specifically disputing Fernandez's testimony that the bag was lined with tinfoil, a "critical fact" that supports probable cause for his prosecution. *See Kee*, 12 F.4th at 167; *cf. People v. Thompson*, 54 Misc. 3d 137(A), 54 N.Y.S.3d 612 (table) (App. Term 2017) (finding

6

allegation that a defendant possessed a bag lined with aluminum foil and tape modified in a manner to deflect the use of metal detectors sufficient to plead violation of § 140.35); *People v. Banister*, 13 Misc. 3d 764, 771, 820 N.Y.S.2d 877 (N.Y. Crim. Ct. 2006) (shopping bag lined with electrical tape under circumstances demonstrating intent to use it for theft is a burglar's tool). Accordingly, the District Court did not err in granting summary judgment in favor of Defendants on Harry's malicious prosecution claim.

## III.    Fair Trial and Fabrication of Evidence

Harry's fair trial claim also fails.   To prove a Section 1983 fair trial claim based on fabricated evidence, a plaintiff must establish, among other elements, that an officer created false information, likely to influence a jury's decision, that was passed along to prosecutors.   *Kee*, 12 F.4th at 168.   We agree with the District Court that the record does not demonstrate that Officer Fernandez made false statements about the amount or brand of merchandise that store employees recovered from Harry.   For the reasons stated above, we also find that Harry has not presented a triable issue as to whether Fernandez falsely stated that Cuzco identified Harry as a suspect or fabricated evidence about foil in Harry's H&M bag.   The District Court properly granted summary judgment in favor of

7

Defendants on Harry's fair trial claim.

## IV.     Failure-to-Intervene Claim and Municipal Liability

Because Harry has failed to establish any underlying constitutional violation, we affirm the dismissal of Harry's failure-to-intervene claim against the individual Defendants and his claim for municipal liability against New York City for failure to train.   *See Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action . . . it *extends* liability to a municipal organization where that organization's failure to train . . . led to an independent constitutional violation."); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988).

## CONCLUSION

We have considered Harry's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Cathrine O'Hagan Wolfe, Clerk of Court

8